**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MIKEL P. MURPHY,**

        **Plaintiff,**

**v.**                                     **Case No.  8:06-cv-1654-T-TBM**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of the United States**
**Social Security Administration,**

        **Defendant.**

                               /

## O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments.  For the reasons set out herein, the decision is reversed and remanded.

### I.

Plaintiff was fifty years of age at the time of his administrative hearing in December 2005.  He stands 5' 10" tall and weighed in excess of three hundred pounds.[2]  Plaintiff has an eighth grade education.  His past relevant work was as a warehouseman at an electric supply company, bouncer, owner of a security company and security guard.  Plaintiff applied for

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

[2]Plaintiff indicated his weight ranged between 300 to 400 pounds.

disability benefits and Supplemental Security Income payments in May 2003, alleging disability as of February 1, 2003, by reason of sleep apnea, diabetes, mini-strokes, back pain, high blood pressure, and [high] cholesterol.  The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ").  The Plaintiff was represented at the hearing by counsel and testified in his own behalf.  Additionally, a vocational expert was called by the ALJ.

In essence, Plaintiff testified he was unable to work at any job because of limitations with standing, walking, climbing and sitting.  He testified he quit his last job at the electric supply company because he could not climb and lift as necessary.  He earlier had to stop driving for the company when he fell asleep while driving a company vehicle.  He testified that he has three herniated discs, his back is his main problem, and he is too big to undergo surgery.  He described the back pain at a level seven or eight on a scale of one to ten, with ten being the greatest pain.  He does not believe in pain medication and only occasionally takes Advil.  He also suffers from diabetes which is difficult to control.  He takes insulin twice a day.  The condition causes blurred vision, swelling in his feet and frequent urination.  He wears glasses which help some, but claims he occasionally has "strokes" in his eyes where he has to go lie down.  The condition prevents him from sleeping well at night.  He suffers from breathing problems, COPD, and sleep apnea as well.  He has carpal tunnel in both hands and wears splints to help with the pain.  Recently, he had a stent placed in his right leg due to a painful blockage which affected his walking.  The stent helped some.  He also has high blood pressure and takes medication for it.  His primary care doctor has told him he cannot work.

On a daily basis, Plaintiff claims to watch a good deal of television. He does some household cleaning chores and vacuuming but he no longer is able to cut the yard. He attempts to walk with some difficulty. By his description, he walks in the front of his house for short distances but has to stop to catch his breath and because of pain. He estimates he can stand for fifteen to twenty minutes before he has to sit down or lie down due to the pain. As for sitting, he estimates he can sit for about thirty minutes before experiencing pain. As for lifting, his doctor has imposed a twenty-five pound limit but Plaintiff thinks he could lift more. Plaintiff complains that his various conditions cause him to have to lie down three to four hours total each day. Plaintiff testified that he no longer can perform his past hobby of working on cars. He explains that he cannot bend over as needed and his hand and eyes do not work well enough to allow for this hobby. *See* Plaintiff's testimony (R. 303-29).

The ALJ next took testimony from William Harvey, a vocational expert ("VE"), who testified that Plaintiff's past work as a truck driver was medium exertional work, his job as a material handler was heavy exertional work, his job as a bouncer was light exertional work, and his job running a security company involved sedentary and light exertional work. The witness testified on an assumption of an individual of Plaintiff's age, education, and work experience capable of light exertional work with no climbing long vertical ladders, scaffolds, or ropes; working at unprotected heights; exposure to concentrated extreme heat; or operation of dangerous machinery. On this assumption, the VE testified that such individual could do a portion of Plaintiff's former work as a security guard at the sedentary level. Additionally, such individual could do the work as a small products assembler, sales attendant, and arcade attendant. Assuming such individual had acquired certain transferrable skills, the VE

3

identified other sedentary work to which such skills would transfer including work as a data checker, new customer clerk, and telephone solicitor.  Assuming further that the individual could perform sedentary exertional work but needed to alternate his position at will and lie down three to four hours during the day, the VE opined that no work would be available. When questioned by Plaintiff's counsel who assumed the limitations set forth in the residual functional capacity ("RFC") assessment by Dr. Syed Ahmed, the VE opined that there would be no jobs available to such hypothetical person.  *See* VE's testimony (R. 329-40).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of March 30, 2006, the ALJ determined that while Plaintiff has severe impairments related to obesity with sleep apnea, high blood pressure, insulin-dependent diabetes mellitus with significant end-organ damage, and recent peripheral vascular disease of the right leg, he nonetheless had the residual functional capacity to perform up to light exertional work requiring no climbing long vertical ladders, scaffolds and ropes; work around unprotected heights; concentrated exposure to extreme heat; and work operating dangerous machinery.  Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform his past work as the owner of a security business. Upon this conclusion, the Plaintiff was determined to be not disabled.  (R. 14-24).  The Appeals Council denied Plaintiff's request for review.

4

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw

5

inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles,* 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises two claims on this appeal.  As stated by the Plaintiff, they are as follows:

(1) The Commissioner erred in failing to give proper weight to the evidence of the treating and examining physicians; and

(2) The Commissioner erred in dismissing the claimant's complaint of pain.

By his first claim, Plaintiff notes that his long-time treating doctor, Dr. Syed Ahmed, submitted three statements, including a diabetes mellitus RFC statement, in which he opined

6

that Plaintiff was not capable of any type work.[3]  By Plaintiff's argument, these opinions were

based on well-documented findings in the doctor's records.  In particular, Plaintiff cites Dr.

Ahmed's comments concerning his diabetes wherein the doctor opined his elevations in blood

sugar would prevent him from completing tasks and would cause fatigue, extreme pain, and

numbness.  By Plaintiff's review of the medical records, there are no records inconsistent

with Dr. Ahmed's statements and the opinions of this doctor should have been accepted.

     Residual functional capacity is an assessment based on all relevant evidence of a

claimant's remaining ability to do work despite his impairments.  *Lewis v. Callahan*, 125 F.3d

1436,1440 (11th Cir. 1997); 20 C.F.R. §§404.1545(a), 416.945(a).  The focus of this

assessment is on the doctors' evaluation of the claimant's condition and the medical

consequences thereof.  *Lewis*, 125 F.3d at 1440.  As such, when assessing a claimant's RFC,

the ALJ necessarily considers, among other things, the reports and opinions of treating

physicians.[4]  When considering a treating physician's testimony, the ALJ must ordinarily give

substantial or considerable weight to such testimony unless good cause is shown to the

contrary.[5]  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Lewis*, 125 F.3d at

---

[3]Dr. Ahmed opined on two occasions that Plaintiff was unable to work due to his multiple medical conditions.  (R. 274, 295).  He also completed a "Diabetes Mellitus Residual Functional Capacity Questionnaire," in which he essentially opined that Plaintiff did not have the physical capabilities to work on a full-time basis.  *See* (R. 296-99).

[4]In determining a claimant's RFC, the ALJ also must describe how the evidence supports his conclusion.  SSR 96-8p, 1996 WL 374184, *7 (S.S.A.).

[5]Contrary to the Commissioner's assertion, a treating physician's opinion about what a claimant still can do despite his impairments is a medical source statement entitled to controlling weight and is not an opinion on an issue reserved to the Commissioner.  *See* SSR 96-5P, 1996 WL 374183, *3-4 (S.S.A.).

1440; *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also* 20 C.F.R.

§§ 404.1527(d)(2), 416.927(d)(2).  Good cause for rejecting a treating source's opinion may

be found where the treating sources's opinion was not bolstered by the evidence, the evidence

supported a contrary finding, or the treating source's opinion was conclusory or inconsistent

with his or her own medical record.  *Phillips*, 357 F.3d at 1240-41 (citing *Lewis*, 125 F.3d at

1440); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

   Upon consideration, I conclude that a remand is necessary for further development

and consideration of the medical record.  Here, even if I agree with the Commissioner that

there is adequate cause to question the severe limitations imposed by Dr. Ahmed on

Plaintiff's capacity for lifting, sitting, standing and walking, I am unable to find competent

medical evidence to support the ALJ's RFC assessment.[6]  A careful review of the reports

from Dr. Ahmed support that Plaintiff suffered poorly controlled diabetes and high blood

pressure.  However, this doctor routinely reported that Plaintiff's neurological and

musculoskeletal examinations showed no deficits and there was no clinical or objective

support explaining Plaintiff's back pain.  Nevertheless, apart from the reviewing,

---

  [6]Here, the ALJ determined that Plaintiff retained the RFC to perform up to light
exertional work that did not require climbing long vertical ladders, scaffolds, or ropes;
working at unprotected heights; operating dangerous machinery; or concentrated exposure to
extreme heat.  (R. 23).  Light exertional work is defined as work that involves lifting no more
than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10
pounds.  A job in this category may require a good deal of walking or standing, or sitting
most of the time with some pushing and pulling of arm or leg controls.  To be considered
capable of performing a full or wide range of light work, the claimant must have the ability to
do substantially all of these activities.  20 C.F.R. §§ 404.1567(b), 416.967(b).

nonexamining doctors' RFC assessments (R. 138-45, 202-14),[7] there is nothing to contradict the limitations by Dr. Ahmed on sitting, standing and walking or to support a finding for light exertional work.  In any event, as the decision reflects, the ALJ effectively rejected each of these RFC assessments in whole or in part and substituted his own assessment that Plaintiff could do light exertional work with certain postural and environmental limitations.  Aside from Plaintiff's subjective testimony, no other record evidence addresses Plaintiff's functional capacity.  The record evidence cited by the ALJ in support of his RFC determination simply does not address Plaintiff's ability to perform the exertional requirements of light work.  *See* (R. 21-22).  Thus, even if the ALJ could and/or did properly discount Dr. Ahmed's assessment, I can find no competent medical evidence that supports the ALJ's assessment that Plaintiff can do light exertional work.[8]

Consequently, in my view, upon the rejection of Dr. Ahmed's assessment and the discounting of the reviewing, nonexamining doctors' assessments, and in the absence of other medical evidence, the ALJ was duty-bound to obtain a further consultative examination to

---

[7]In this circuit, the reports of such doctors, standing alone, are not competent evidence upon which to base a decision.  *See Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir.1988).

[8]I remain troubled by the ALJ's failure to address whether Plaintiff's diabetes and high blood pressure could account for the limitations assessed by Dr. Ahmed even in the absence of other evidence of focal deficits in the neurological and musculoskeletal examinations and the doctor's notation that because of fluctuations in Plaintiff's blood sugar with emotional stress, Plaintiff was incapable of even low stress jobs and completing tasks. This latter notation was discounted by the ALJ apparently by reference to a notation that Plaintiff's blood sugar was doing better with medication, although over the long view of this doctor's treatment, his blood sugars were hard to control.  In the view of the VE, this limitation could eliminate all work.

assess Plaintiff's physical functional capacity.[9]  While I recognize that the burden of providing the medical support for the claim of disability is on the claimant, the ALJ is nonetheless obliged to fully and fairly develop the medical record.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  In light of this obligation, an ALJ must order a consultative examination when "such an evaluation is necessary for him to make an informed decision."[10]  *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988) (quoting Reeves, 734 F.2d at 522 n.1); *see also* 20 C.F.R. §§ 404.1545 (a)(3), 416.945(a)(3) (providing that, ". . . before we make a determination that [a claimant] is not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, . . ."); SSR 96-8p, 1996 WL 374184, *5 (S.S.A.) (stating that the ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC.").  Because I can find no medical support for the ALJ's RFC determination of light exertional work, I conclude that a remand is necessary for further development of the medical record.

On this conclusion, it is unnecessary to address Plaintiff's second claim.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir.1986).

---

[9]The only consultative evaluations of record were performed by an ophthalmologist in October and November 2003.  (R. 235-38).

[10]Under the Commissioner's regulations, a consultative evaluation is normally required when the medical evidence is insufficient for decision and when there is a conflict, inconsistency, ambiguity or insufficiency in the evidence that must be resolved.  *See* 20 C.F.R. §§ 404.1519a(b), 416.919a(b).

10

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards. The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order. Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 10th day of January 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record